IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID L. WISE, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 7:20-cv-00384 |
| JAI DEV, INC., | ) By: Elizabeth K. Dillon |
| | )     United States District Judge |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a diversity action brought by David Wise against Jai Dev, Inc., d/b/a Best Western Radford Inn. Wise contracted Legionnaire's disease after using the hot tub and pool at the Radford Best Western. Wise brings claims for negligence and seeks $3,000,000 in compensatory damages plus $500,000 in punitive damages.

Before the court is a motion to intervene filed by The Brethren Mutual Insurance Company. (Dkt. No. 23.) Brethren Mutual seeks to intervene with the intention of filing a motion to stay this matter pending the determination of coverage issues in a parallel lawsuit. Plaintiff and defendant both oppose the motion. (Dkt. Nos. 24, 25.) For the reasons stated below, Brethren Mutual's motion is denied.

I. BACKGROUND

Wise filed this lawsuit against Jai Dev on July 2, 2020. Brethren Mutual is a liability insurer for Jai Dev. Jai Dev's deadline to answer was extended three times while Wise and Jai Dev worked with Brethren Mutual on coverage issues. Eventually, Brethren Mutual agreed to defend Jai Dev under a reservation of rights. Jai Dev answered through counsel on April 29, 2021. On June 7,

2021, the court entered a scheduling order and set this matter for trial in August 2022. Brethren Mutual moved to intervene in this matter on December 9, 2021.

On May 20, 2021, Brethren Mutual and Great American Alliance Insurance Company filed a parallel declaratory judgment action regarding the coverage determination of two insurance policies issued to Jai Dev: the primary policy, issued by Brethren Mutual, and the excess policy, issued by Great American. Both insurance companies contend that their policies do not provide coverage to the claims asserted by Wise. *Brethren Mut. Ins. Co. v. Jai Dev, Inc.*, Case No. 7:21-cv-00316 (W.D. Va.) A first amended complaint was filed on August 12, 2021. Trial is set for November 2022.

## II. ANALYSIS

### A. Intervention as of Right

A party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing paties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking intervention must meet four requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

Under the second factor, Brethren Mutual claims that it has a direct interest in determining whether it has a duty to defend and indemnify Jai Dev against any judgment obtained by Wise in this action. Importantly, however, Brethren Mutual is currently defending Jai Dev in this action but has

reserved the right to deny coverage. Under these circumstances, courts have held that the insurer does not have an interest in the subject matter of the underlying action for purposes of intervention by right. "When the insurer offers to defend the insured but reserves the right to deny coverage . . . the insured's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (finding insurer did not satisfy requirements to intervene under Rule 24(a)(2)). "Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer a double bite at escaping liability." *Id.* at 639; *see also Bridge v. Air Quality Tech. Servs., Inc.*, 194 F.R.D. 3, 6 (D. Me. 1999) ("Because Gulf has reserved the right to deny coverage since it first heard about this case in 1997, it does not have a sufficient interest to intervene in the liability phase of this action.") (following *Dingwell*).

For these reasons, Brethren Mutual cannot interevene under Rule 24(a)(2).

**B. Permissive Intervention**

Rule 24(b) allows for permissive intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A motion for permissive intervention must be timely. Fed. R. Civ. P. 24(b)(1). The decision to allow permissive intervention lies within the sound discretion of the trial court. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

Wise and Jai Dev argue that Brethren Mutual's motion is untimely. Whether a motion to intervene is timely is evaluated in light of the following factors: (1) how far the suit has progressed; (2) the prejudice the delay might cause other parties; and (3) the reason for the tardiness in moving to

intervene. *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1 (2002); *Students for Fair Admissions, Inc. v. Univ. of N.C.*, 319 F.R.D. 490, 494 (M.D.N.C. 2017). Brethren Mutual characterizes its actions as "diligent," but Brethren Mutual did not move to intervene until more than 17 months after this lawsuit was filed, six months after the entry of a scheduling order, and after substantial progress in discovery. Brethren Mutual offers no explanation for its tardiness in seeking to intervene. Moreover, Brethren Mutual's specific purpose for intervention—to file a motion to stay these proceedings, so the court can determine coverage issues in the parallel suit—would prejudice the other parties by causing a delay in the adjudication of Wise's claims against Jai Dev.

Therefore, under either permissive intervention or intervention as of right, Brethren Mutual's motion is untimely. Also, the court will not allow Brethren Mutual to intervene because intervention would prejudice Wise and Jai Dev. Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

### III. CONCLUSION

Brethren Mutual's motion to intervene (Dkt. No. 23) is DENIED. The clerk of court is directed to send a copy of this opinion and order to all counsel of record.

Entered: March 31, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge